UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RONALD DUGAS (#314846)

VERSUS                                    CIVIL ACTION

JAMES M. LEBLANC, ET AL                   NUMBER 11-457-BAJ-DLD

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on April 26, 2012.

                                           **MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RONALD DUGAS (#314846)

VERSUS                                              CIVIL ACTION

JAMES M. LEBLANC, ET AL                             NUMBER 11-457-BAJ-DLD

MAGISTRATE JUDGE'S REPORT

Before the court is the defendants' Motion for Partial Summary Judgment. Record document number 24. The motion is opposed.[1]

Pro se plaintiff, an inmate currently confined at Hunt Correctional Center, St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary James M. LeBlanc, Louisiana State Penitentiary Msgt. Samuel Johnson, Lt. Jamie Savoy, Capt. Sullivan, Msgt. Larry Lowery, Sgt. Landrum, Lt. Shaun Alexander, Lt. Boeker, Lt. Simmons, Lt. Michael Thomas, Msgt. Susan Blades, and, two Jane Doe and one John Doe emergency medical technicians. Plaintiff amended his complaint to name as defendants Louisiana State Penitentiary Msgt. Samuel Johnson, Lt. Jamie Savoy, Capt. Donnie Sullivan, Msgt. Larry Lowery, Sgt. Landrum, Lt. Boeker and an

---
[1] Record document number 29.

unidentified emergency medical technician.[2] Plaintiff alleged that he was subjected to unconstitutional conditions of confinement and was required to perform work in violation of his medical duty status.

Defendants James M. LeBlanc, Jamie Savoy, Donnie Sullivan, Shaun Alexander, Michael Thomas and Susan Blades moved for summary judgment relying on a statement of undisputed facts, the results of Administrative Remedy Procedure (ARP) numbers LSP-2011-0861, LSP-2011-0863, LSP-2011-0984, LSP-2011-1036, LSP-2010-1527, LSP-2010-1604, LSP-2010-2101 and LSP-2010-2517, copies of portions of the plaintiff's master prison record and copies of the plaintiff's medical duty status.

## I. Background

Plaintiff made the following allegations. On April 3, 2010, Msgt. Johnson ordered tier orderlies to throw an excessive amount of soap and water on the tier to clean the floor. No signs were posted warning that the floor was wet. A few minutes later, Msgt. Johnson initiated a fire drill. Someone brought the plaintiff his crutches and Msgt. Johnson motioned for the plaintiff to exit his cell. Plaintiff was required to walk across the slippery floor on crutches. On his return back to the unit, the plaintiff slipped and fell. Plaintiff was taken by ambulance to the prison treatment facility. Plaintiff has been on pain medication and under chiropractic treatment since the

---

[2] Lt. Boeker, Samuel Johnson, Sgt. Landrum, Larry Lowery, Lt. Simmons and the John and Jane Doe defendants were not served with the summons and complaint and did not participate in the defendants' motion for summary judgment.

2

incident.

On June 25, 2010, a Jane Doe EMT failed to provide him with medical treatment after he declared himself a medical emergency.

On August 3, 2010, Lt. Boeker made him walk 250 yards even though the plaintiff complained that he could barely walk due to back pain.

On September 28, 2010, Lt. Savoy and Capt. Sullivan told the plaintiff that Capt. Hayes advised them that the plaintiff wanted to withdraw an ARP. Plaintiff confirmed that he wanted to withdraw ARP LSP-2010-1527 and a few days later he signed the waiver form. Three months later the plaintiff sent an inquiry to Trish Foster regarding the status of ARP LSP-2010-1604. Foster advised that he had withdrawn ARP LSP-2010-1604. Lt. Savoy told the plaintiff that he and Capt. Sullivan had altered the ARP number on the waiver form.

On February 17, 2011, Msgt. Lowery ordered him to report to the field line even though the plaintiff was given a Squad A medical duty status. Plaintiff was required to carry the water bucket weighing approximately 80-100 pounds a distance of approximately 100 yards on three separate occasions. Plaintiff was also required to stand for five hours at the job site without a break. After experiencing back spasms, the plaintiff declared himself an emergency and was given a "no duty" medical duty status by medical personnel.

On March 17, 2011, he was required to use a swing blade and stand for eight hours. He made emergency sick call and was given a medical duty status of "no

duty" for three days. An unidentified emergency medical technician promised to complete a referral sheet but he failed to do so.

On April 15, 2011, Sgt. Landrum contacted the prison hospital to verify the plaintiff's Squad A medical duty status. Plaintiff was required to walk approximately one mile to the job site. After experiencing spasms in his back, the plaintiff declared himself a medical emergency. EMT Thomas examined the plaintiff and then sent him back into the agricultural field.

On April 18, 2011, Sgt. Landrum sent him into the agricultural field in violation of his medical duty status. Plaintiff was required to pull carrots out of the ground. Plaintiff declared himself a medical emergency and was examined by Lt. Simmons and then ordered to return to work in the fields.

On April 19, 2011, Sgt. Landrum made him report for work in the agricultural fields and he was required to pull carrots and carry sacks weighing 50 pounds. After experiencing back spasms, he declared himself a medical emergency and was examined by an EMT. Plaintiff was transferred to a medical facility, his duty status was renewed and he was prescribed pain medication.

On April 24, 2011, plaintiff was issued disciplinary reports by Msgt. Blades and Lt. Alexander in retaliation for seeking medical treatment. On the same date, a Jane Doe defendant took the plaintiff's medication referral slip in retaliation for seeking medical treatment.

## II. Applicable Law and Analysis

### A. Summary Judgment Standard

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56(a), Fed.R.Civ.P. Supporting affidavits must set forth facts which would be admissible in evidence; opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(c).

### B. Failure to Exhaust

Defendants argued that the plaintiff failed to exhaust available administrative remedies before filing suit.

Section 1997e of Title 42 of the United States Code provides in pertinent part as follows:

> (a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is pending. *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *abrogated in part* by *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910 (2007) (abrogating the holding that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust);

*Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999). A prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 514 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S.Ct. 2378, 2386 (2006). Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules. *Id.*, 126 S.Ct. at 2389-90. The § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003).

Plaintiff alleged in the original[3] and amended complaints[4] that he exhausted available administrative remedies regarding the claims raised therein via ARP numbers LSP-2010-1604, LSP-2010-2101, LSP-2010-2517, LSP-2011-0861, LSP-2011-0863, LSP-2011-0984 and LSP-2011-1036.

**1. ARP LSP-2010-1604**

The summary judgment evidence showed that the plaintiff filed ARP LSP-2010-1604 on June 3, 2010, complaining that on April 3, 2010, he slipped and fell

---

[3] Record document number 1, p. 4, ¶ II. C.

[4] Record document number 12, p. 3, ¶ II. C.

after an excessive amount of soapy water was used to clean the tier.[5] On September 27, 2010, the ARP was accepted into the procedure.[6] On September 28, 2010, the plaintiff signed a form voluntarily withdrawing LSP-2010-1604.[7] The summary judgment evidence showed that the plaintiff failed to exhaust available administrative remedies regarding his unconstitutional conditions of confinement claim related to his slip and fall.

### 2. ARP LSP-2010-2101

The summary judgment evidence showed that the plaintiff filed ARP LSP-2010-2101 on July 16, 2010 and it was received on July 20, 2010.[8] Plaintiff complained that on June 25, 2010 he was denied medical treatment by an unidentified emergency medical technician.[9] Plaintiff further complained that unidentified medical personnel delayed sending him a medical duty status and providing him with crutches. The claim was denied at the Second Step on January 5, 2011. This claim was exhausted before the plaintiff filed suit. However, the claim was against an unidentified Jane Doe EMT who was not served with the complaint.

---

[5] Record document number 24-11, pp. 6-10.

[6] *Id.* at 4.

[7] *Id.* at 5.

[8] Record document number 24-12, pp. 3-5.

[9] *Id.*

7

### 3. ARP LSP-2010-2517

The summary judgment evidence showed that the plaintiff filed ARP LSP-2010-2517 on August 5, 2010, and it was received by prison officials on August 25, 2010.[10] Plaintiff complained that Warden Lamartiniere denied his release from lockdown even though the lockdown review had recommended his release.[11] Plaintiff argued that Warden Lamartiniere denied his release in retaliation for refusing to withdraw an administrative grievance.[12] This administrative grievance was denied at the Second Step on March 16, 2011, and was exhausted before the plaintiff filed suit. However, the ARP is not related to any claim raised in the complaint.

### 4. ARP LSP-2011-0861

The summary judgment evidence showed that the plaintiff filed ARP LSP-2011-0861 on March 20, 2011, and it was received by the Legal Programs Department on April 7,

 2011.[13] Plaintiff complained that on February 17, 2011, he was sent to the agricultural fields and Msgt. Lowery required him to carry a water bucket in violation

---

[10] Record document number 24-13, pp. 3-5.

[11] *Id.*

[12] *Id.*

[13] Record document number 24-3, pp. 4-6.

of his medical duty status.[14] The summary judgment evidence showed that ARP LSP-2011-0861 was accepted on May 3, 2011, was denied at the First Step on July 15, 2011,[15] and was denied at the Second Step on September 6, 2011[16], over two months after the plaintiff filed his civil rights complaint. The summary judgment evidence showed that the plaintiff failed to exhaust ARP LSP-2011-0861 before filing suit.

### 5. ARP LSP-2011-0863

The summary judgment evidence showed that the plaintiff filed ARP LSP-2011-0863 on March 23, 2011, it was received on April 7, 2011, and was placed on backlog until October 28, 2011, when it was accepted into the procedure.[17] Plaintiff complained that on March 17, 2011, an unidentified emergency medical technician failed send a medical duty status relieving the plaintiff from field work for three days.[18] Plaintiff complained that on March 18, he was required to report to the agricultural fields and use a swing blade because the EMT neglected to issue the medical duty status as promised.[19] The First Step Response was issued November

---

[14] *Id.*

[15] *Id.* at 7.

[16] *Id.* at 13.

[17] Record document number 24-4, pp. 2-5.

[18] *Id.*

[19] *Id.*

9

15, 2011, and was accepted at the Second Step on December 5, 2011.[20] The summary judgment evidence showed that ARP LSP-2011-0863 was not exhausted before the plaintiff filed suit on July 11, 2011.

### 6. ARP LSP-2011-0984

The summary judgment evidence showed that the plaintiff filed ARP LSP-2011-0984 on April 19, 2011, and it was received by prison officials on April 25, 2011.[21] Plaintiff complained that on April 15, 18, and 19, 2011, Sgt. Landrum required him to perform work in violation of his medical duty status.[22] The ARP was placed on backlog because the plaintiff had other administrative grievances in the system.[23]

Plaintiff conceded in his opposition to the defendants' motion for summary judgment that this ARP has not been exhausted.[24]

### 7. ARP LSP-2011-1036

The summary judgment evidence showed that the plaintiff filed ARP LSP-

---

[20] *Id.* at 2.

[21] Record document number 24-5, pp. 4-8.

[22] *Id.*

[23] *Id.* at 3.

[24] Record document number 29, p. 4, Memorandum in Opposition to Motion to Dismiss and Motion for Summary Judgment.

2011-1036 on April 11, 2011, and it was received on May 2, 2011.[25]  Plaintiff complained that his administrative grievances were not being processed in an orderly or timely manner.[26]  The ARP was placed on backlog because the plaintiff had other administrative grievances in the system.[27]

In his opposition to the defendants' motion for summary judgment the plaintiff argued that ARP LSP-2011-1036 has since been exhausted.

In accordance with the Adult Administrative Remedy Procedures, an inmate commences the process by writing a letter to the warden in which he briefly sets out the basis for his claim and the relief sought.  La. Admin. Code tit. 22, pt. I § 325(G)(1)(a).  The request shall be screened by the ARP screening officer and a notice will be sent to the inmate advising that his request is being processed or is rejected.  *Id.*  The warden shall respond to the inmate within 40 days from the date the request is received at the first step.  *Id.*  An inmate who is dissatisfied with the first step response may appeal to the secretary of the Department of Public Safety and Corrections by so indicating in the appropriate space on the response form and forwarding it to the ARP screening officer within 5 days of receipt of the decision.  *Id.* at § 325(G)(2)(a).  A final decision will be made by the secretary and the inmate will be notified within 45 days of receipt.  *Id.*

---

[25] Record document number 24-6, pp. 4-5.

[26] *Id.*

[27] *Id.* at 3.

The procedure provides that the process shall not exceed 90 days from the initiation to completion unless an extension has been granted. *Id.* at § 325(G)(4)(a). Absent an extension of the time limits, expiration of response time limits entitles an inmate to move on to the next step in the process. *Id.*

Even assuming ARP LSP-2011-1036 would have been processed immediately after it was placed on backlog on May 2, 2011, it could not have been completed through the two-step procedure by the time the plaintiff filed suit on July 11, 2011. Moreover, the claims raised in ARP LSP-2011-1036 are not the subject of the plaintiff's federal civil rights lawsuit.

### C. Supplemental Jurisdiction

Plaintiff sought to invoke the supplemental jurisdiction of this court. District courts may decline to exercise supplemental jurisdiction over a claim if the claim raises a novel or complex issue of State law; the claim substantially predominates over the claims over which the district court has original jurisdiction; if the district court has dismissed all claims over which it had original jurisdiction; or for other compelling reasons. 28 U.S.C. § 1367.

### III. Conclusion

The summary judgment evidence supports a finding that the plaintiff failed to exhaust available administrative remedies regarding the claims raised in his complaint prior to filing suit, as required by 42 U.S.C. § 1997e(a).

RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' motion for summary judgment be granted and this action be dismissed without prejudice to any state law claim. It is further recommended that the dismissal be with prejudice to the plaintiff filing a new civil action in forma pauperis based on any claim raised in the complaint.[28] It is further recommended that the plaintiff's claims against Samuel Johnson, Larry Lowery, Jason Simmons, Sgt. Landrum, Lt. Boeker and the John and Jane Doe defendants be dismissed pursuant to Rule 4(m), Fed.R.Civ.P.

Signed in Baton Rouge, Louisiana, on April 26, 2012.

**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[28] *Underwood v. Wilson*, 151 F.3d at 296.